UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x

| | |
|---|---|
| STEPHEN E. KELLER, Individually and On Behalf of All Other Similarly Situated, : | CASE NO. 1:08-cv-10612-JLT |
| Plaintiff, : | **MEMORANDUM OF LAW IN** |
| : | **SUPPORT OF THE MOTION FOR** |
| vs. : | **CONSOLIDATION OF RELATED** |
| : | **ACTIONS, APPOINTMENT OF** |
| FIRST MARBLEHEAD CORPORATION, INC., : | **GORDON PACIOREK AS LEAD** |
| JACK KOPNISKY, DONALD R. PECK, JOHN : | **PLAINTIFF AND APPROVAL OF** |
| HUPALO, PETER TARR and : | **GORDON PACIOREK'S SELECTION** |
| STEPHEN ANBINDER, : | **OF COUNSEL** |
| : | |
| Defendants. : | |

---------------------------------------------------------------x

---------------------------------------------------------------x

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 28 PENSION FUND, Individually and On Behalf of All Other Similarly Situated, : | |
| Plaintiff, : | |
| vs. : | CASE NO. 1:08-cv-10650-JLT |
| FIRST MARBLEHEAD CORPORATION, INC., : | |
| JACK KOPNISKY, DONALD R. PECK, JOHN : | |
| HUPALO, PETER TARR and : | |
| STEPHEN ANBINDER, : | |
| Defendants. : | |

---------------------------------------------------------------x

(Additional Caption on Following Pages)

```
―――――――――――――――――――――――x
CHARLES J. BYRNE, On Behalf of Himself and  :
All Others Similarly Situated,              :
                                            :
                    Plaintiff,              :
                                            :
vs.                                         :
                                            :       CASE NO. 1:08-cv-10660-JLT
FIRST MARBLEHEAD CORPORATION, INC.,         :
JACK KOPNISKY, DONALD R. PECK, JOHN         :
HUPALO, PETER TARR and                      :
STEPHEN ANBINDER,                           :
                                            :
                    Defendants.             :
―――――――――――――――――――――――x


―――――――――――――――――――――――x
RYAN EDMUNDSON, On Behalf of Herself and    :
All Others Similarly Situated,              :
                                            :
                    Plaintiff,              :
                                            :
vs.                                         :
                                            :       CASE NO. 1:08-cv-10699-JLT
FIRST MARBLEHEAD CORPORATION, INC.,         :
JACK KOPNISKY, DONALD R. PECK, JOHN         :
HUPALO, PETER TARR and                      :
STEPHEN ANBINDER,                           :
                                            :
                    Defendants.             :
―――――――――――――――――――――――x
```

(Additional Caption on Following Page)

```
―――――――――――――――――――――x
NAYEREH DEHGHAN, Individually and On    :
Behalf of All Others Similarly Situated, :
                                         :
                Plaintiff,               :
                                         :
vs.                                      :    CASE NO. 1:08-cv-10712-JLT
                                         :
FIRST MARBLEHEAD CORPORATION, INC.,      :
JACK KOPNISKY, DONALD R. PECK, JOHN      :
HUPALO, PETER TARR and                   :
STEPHEN ANBINDER,                        :
                Defendants.              :
―――――――――――――――――――――


―――――――――――――――――――――x
ROBERT M. LARGENT, Individually and On   :
Behalf of All Others Similarly Situated, :
                                         :
                Plaintiff,               :
                                         :
vs.                                      :
                                         :    CASE NO. 1:08-cv-10796-JLT
FIRST MARBLEHEAD CORPORATION, INC.,      :
JACK KOPNISKY, DONALD R. PECK, JOHN      :
HUPALO, PETER TARR and                   :
STEPHEN ANBINDER,                        :
                                         :
                Defendants.              :
―――――――――――――――――――――x
```

(End of Caption)

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND..................................................................................2

III. ARGUMENT...........................................................................................................5

    A. The Actions Should Be Consolidated .........................................................5

    B. Mr. Paciorek Satisfies the Lead Plaintiff Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff............................................5

        1. Mr. Paciorek Has Timely Moved for Appointment as Lead Plaintiff ..............................................................................................6

        2. Mr. Paciorek Has the Requisite Financial Interest in the Relief Sought by the Class............................................................................7

        3. Mr. Paciorek Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure .................................................................................7

    C. The Court Should Approve Mr. Paciorek's Selection of Counsel ..............9

IV. CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*In re Cardinal Health, Inc. Sec. Litig.,*
226 F.R.D. 298 (S.D.Ohio 2005).................................................................................8

*In re Lernout & Hauspie Securities Litigation,*
138 F.Supp.2d 39 (D. Mass. 2001)..............................................................................6

*In re PRI Automation, Inc. Securities Litigation,*
145 F.Supp.2d 138 (D.Mass. 2001).............................................................................5

*In re Transkaryotic Therapies, Inc. Securities Litigation,*
No. 03 Civ. 10165, 2005 WL 3178162 (D. Mass Nov. 28, 2005)...............................9

*Leech v. Brooks Automation, Inc.,*
No. 06 Civ. 11068, 2006 WL 3690736 (D. Mass. Dec. 13, 2006) .............................8

*Priest v. Zayre Corp.,*
118 F.R.D. 552, 555 (D. Mass. 1988).........................................................................8

*Rossini v. Ogilvy & Mather, Inc.,*
798 F.2d 590 (2d Cir. 1986).........................................................................................8

**Statutes**

15 U.S.C. §78u-4 ...............................................................................................*passim*

**Rules**

Fed. R. Civ. P.....................................................................................................*passim*

Class member Gordon Paciorek ("Paciorek" or "Movant"), respectfully submits this memorandum of law in support of his motion for: (1) consolidation of related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment of Movant as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (3) approval of Scott + Scott LLP as lead counsel and Gilman and Pastor LLP as liaison counsel for the class; and (4) such other relief as the Court may deem just and proper.

## I. INTRODUCTION

Presently pending before this Court are six (6) related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired securities of First Marblehead Corporation, Inc. ("First Marblehead" or the "Company"), between August 10, 2006 through April 7, 2008, inclusive (the "Class Period"), and were damaged thereby.[1] These related investor class actions are captioned as follows:

| Case Caption | Date Filed |
| --- | --- |
| *Keller v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10612-JLT | April 10, 2008 |
| *Sheet Metal Workers Local 28 Pension Fund v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10650-JLT | April 16, 2008 |
| *Byrne v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10660-JLT | April 18, 2008 |
| *Edmundson v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10699-JLT | April 25, 2008 |
| *Dehghan v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10712-JLT | April 29, 2008 |
| *Largent v. First Marblehead Corporation, Inc., et al.*, 1:08-cv-10796-JLT | May 12, 2008 |

---

[1] One Action, *Largent v. First Marblehead Corp., Inc., et al.*, 08-cv-10796-JLT, alleges a slightly shorter Class Period of September 12, 2006 – April 7, 2008, while all other Actions allege a Class Period of August 10, 2006 – April 7, 2008. For the purposes of this lead plaintiff motion, a Class Period of August 10, 2006 – April 7, 2008 is assumed.

These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the court must decide whether to consolidate the actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, Movant should be appointed as lead plaintiff because: (1) this motion is timely filed; (2) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (3) Movant will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Movant's selection of Scott + Scott to serve as lead counsel and Gilman and Pastor LLP to serve as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND [2]

This is a securities class action on behalf of all persons or entities, except for defendants, who purchased or otherwise acquired First Marblehead securities during the Class Period, pursuing remedies under the Exchange Act. First Marblehead, a Massachusetts-based corporation, together with its subsidiaries, provides outsourcing services for private education lending in the United States. It provides package design, implementation and securitization

---

[2] These facts are derived from the allegations contained in the complaint captioned *Largent v. First Marblehead Corp., et al.*, No. 1:08-cv-10796-JLT, filed May, 12, 2008.

services for student loan programs to national and regional financial institutions and educational institutions, as well as businesses, education loan marketers and other entities.

Generally, it is alleged that each defendant is liable for making false statements, and/or failing to disclose adverse facts known to him about First Marblehead. Defendants' fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of First Marblehead's publicly traded securities was a success, as it: (a) deceived the investing public regarding First Marblehead's prospects and business; (b) artificially inflated the prices of the Company's publicly traded securities; (c) allowed First Marblehead insiders to sell 3.3 million of their own shares at artificially inflated prices for proceeds of over $180 million; and (e) caused plaintiff and other members of the Class to purchase First Marblehead's publicly traded securities at inflated prices.

Specifically, it is alleged that during the Class Period defendants made numerous false and misleading statements and material omissions concerning the performance and quality of First Marblehead's securitizations, its ability to continue to perform securitizations, its primary loan guarantor's ability to adequately guarantee First Marblehead's student loans and the Company's financial results and its ongoing operations. Defendants' misstatements and omissions deceived the financial community, serving to cause and maintain the artificially inflated price of First Marblehead's stock.

During the Class Period, the Company's stock traded as high as $56.66 per share. However, when the truth emerged regarding First Marblehead's inability to complete additional securitizations and the inability of the private 501(c)(3) non-profit loan guarantor organization operating from First Marblehead's office space known as The Education Resources Institute ("TERI") to meet its loan guarantee obligations, the Company's shares fell to $4.86 per share.

This represented a 91% decrease from the Class Period high, resulting in millions of dollars in damage to First Marblehead investors.

During the Class Period, defendants concealed the facts that:

a.  the Company's portfolio was experiencing increasing default rates greater than the Company's expectations;

b.  completion of a securitization in the second quarter of fiscal year 2008 was highly unlikely;

c.  the Company did not have the ability to manage the risk of TERI's portfolio;

d.  TERI was no longer able to guarantee First Marblehead loans in its portfolio;

e.  the Company's relationship with TERI was managerial in nature;

f.  the Company had failed to consult with rating agencies;

g.  the Company lacked adequate internal systems, procedures and financial controls; and

h.  as a result of the foregoing, the Company's statements about its financial well-being and business prospects were lacking in any reasonable basis when made.

## III. ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

In determining the propriety of consolidation under Fed. R. Civ. P. 42(a), district courts

have "broad discretion" and generally favor the view that "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *In re PRI Automation, Inc. Securities Litigation*, 145 F.Supp.2d 138, 140 (D.Mass. 2001) (quotation omitted). Consolidation is appropriate in the context of securities class actions if the complaints are based on the same evidence. *Manual for Complex Litigation* § 11.631 (2004).

The complaints in the present Actions relate to First Marblehead securities and allege the same fraud with respect to the same or substantially the same conduct. All of the documents to be reviewed and testimony to be taken relate to this fraudulent scheme by defendants and are identical as to all actions. Therefore, consolidation is appropriate and in the interest of judicial efficiency and economy.

### B. Mr. Paciorek Satisfies the Lead Plaintiff Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange Act brought as class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant Early Notice was published in *Market Wire* on April 10, 2008. *See* Declaration of David R. Scott ("Scott Decl."), Ex. A. Within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the Early Notice the

Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Under this Exchange Act provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. *In re Lernout & Hauspie Securities Litigation*, 138 F.Supp.2d 39, 42-43 (D. Mass. 2001). The Exchange Act provides that the Court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Lernout*, 138 F.Supp.2d at 42.

### 1. Mr. Paciorek Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must do so within 60 days of the initial Early Notice publication on April 10, 2008. 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required Early Notice, Movant hereby timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. Movant also has duly signed and filed a certification stating willingness to serve as a representative party on behalf of the class. *See* Scott Decl., Ex. B.

### 2. Mr. Paciorek Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Movant purchased 35,390 shares of First Marblehead common stock and lost more than $576,375 as a result thereof. *See* Scott Decl., Ex. C. Movant is not aware of any other lead plaintiff applicant with a larger interest in the litigation. Because Movant has a substantial financial interest and, as discussed below, otherwise satisfies all of the

PSLRA's prerequisites for appointment as lead plaintiff in this action, Movant should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Mr. Paciorek Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Leech v. Brooks Automation, Inc.*, No. 06 Civ. 11068, 2006 WL 3690736, at *1 (D. Mass. Dec. 13, 2006) *citing In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 302 (S.D.Ohio 2005). Consequently, in deciding a motion to serve as lead plaintiff, the Court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988).

Movant satisfies this requirement because, like all other class members, Movant: (1) purchased or acquired First Marblehead securities during the Class Period; (2) purchased or acquired First Marblehead securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Movant's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Under the PSLRA, to demonstrate adequacy, a movant must only show that the interests of the representative party will not conflict with the interests of the class members, and that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *In re Transkaryotic Therapies, Inc. Securities Litigation*, No. 03 Civ. 10165, 2005 WL 3178162, at *4 (D. Mass Nov. 28, 2005).

Here, Movant is clearly "adequate" because his interests are aligned with the interests of the class; both suffered from the same artificial inflation of the price of First Marblehead securities and would benefit from the same relief. Moreover, there is no evidence of antagonism between Movant and the class. Finally, as shown below, Movant's proposed lead counsel, Scott + Scott LLP is a firm with significant securities fraud litigation experience that is more than adequately equipped and informed in this action to proceed as class counsel and Movant's proposed liaison counsel, Gilman and Pastor LLP, is likewise qualified. Movant satisfies all of the requirements of Rule 23 for the purposes of this Motion.

### C. The Court Should Approve Mr. Paciorek's Selection of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Movant has selected Scott + Scott LLP to serve as lead counsel. Scott + Scott is a firm with

substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation. *See* Scott Decl., Ex. D. In addition, Movant has selected Gilman and Pastor LLP to serve as liaison counsel because they are also highly competent, experienced and prepared to conduct this litigation in an efficient and professional manner. *See* Scott Decl., Ex. E. Accordingly, the Court should approve Movant's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate all related actions; (2) appoint him as lead plaintiff; (3) approve Movant's selection of Scott + Scott LLP to serve as lead counsel and Gilman and Pastor LLP to serve as liaison counsel for the Class, and (4) order such other relief as the Court may deem just and proper.

DATED: June 9, 2008                                         Respectfully Submitted,

GILMAN AND PASTOR LLP

/s/ David Pastor
David Pastor (BBO#391000)
225 Franklin Street, 16th Floor
Boston, MA 02110
Tel: 617-742-9700
Fax: 617-742-9701
***Proposed Liaison Counsel***

SCOTT + SCOTT, LLP
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT 06415
Tel: 860-537-5537
Fax: 860-537-4432

-and-

SCOTT + SCOTT, LLP
ARTHUR L. SHINGLER III
600 B Street, Suite 1500
San Diego, CA 92101
Tel: 619-233-4565
Fax: 619-233-0508
***Proposed Lead Counsel***

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2008.

/s/ David Pastor
David Pastor